**Matter of the Petition for Naturalization of Johannes Ljung LIKNES.**

United States District Court
S. D. New York.
June 6, 1957.

---

Edward L. Dubroff, Brooklyn, N. Y., for petitioner.

Howard I. Cohen, United States Naturalization Examiner, Department of Justice Immigration and Naturalization Service New York City, for respondent.

LEVET, District Judge.

The above-named petitioner, 37 years of age, is a native and national of Norway, who was lawfully admitted to the United States for permanent residence on March 16, 1956. He filed his petition for naturalization on March 28, 1950, under the provisions of Section 325(a) of the Nationality Act of 1940.[1] Under the provisions of this Act a petitioner must comply with all the requirements of Section 307(a) thereof,[2] except that he is relieved of the necessity of having been lawfully admitted for permanent residence and of having resided in the United States for at least five years subsequent to such admission. Section 307 (a) of the Nationality Act of 1940 re-

quires that an applicant for naturalization must establish that for at least five years preceding the filing of his petition he had been a person of good moral character.

The petitioner is a seaman and has served on various vessels. He was married on February 18, 1945, and has continuously resided with his wife since this marriage.

On June 19, 1947, petitioner and two other persons were indicted for the crime of grand larceny in the first degree in that on or about April 17, 1947, in the County of Kings, State of New York, the said defendants stole and took from the possession of the United States Government certain property, including a quantity of fountain pens, 'Eversharp pencils, two Radiola radios, all of a total value of more than $500, with the intent to deprive the owner thereof, and of the use and benefit thereof, and to appropriate the same to the use of the defendant. On September 18, 1947, the petitioner pleaded guilty to the crime of petty larceny, which is a misdemeanor, and for which sentence was suspended during good behavior. Except for this one lapse, petitioner appears to be of good character.

At the hearing conducted by the designated examiner, the petitioner admitted his indictment and plea of guilty. He was discharged from probation on June 25, 1948. He claims he received a suspended sentence because he was cooperative in giving information which would lead to the arrest of other seamen involved in stealing from the same ship. The report from the Probation Department of the County Court of Kings County, dated April 12, 1950, states: "Liknes was especially cooperative, according to the police, giving information which might lead to the arrest of other merchant seaman [sic] who were involved in looting the aforementioned ship [S.S. Gateway City]."

The naturalization examiner contends that the petitioner has failed to establish

1. Now 8 U.S.C.A. § 1441(a) (1).

2. Now 8 U.S.C.A. § 1427(a).

that he has been of good moral character during the period required by law, that is, since March 28, 1945, and that under the provisions of Sections 307(a) and 325(a) of the Nationality Act of 1940 he is not eligible for naturalization, and so he recommends denial of the petition.

In a deportation proceeding before the United States Department of Justice, Board of Immigration Appeals, the special inquiry officer appears to have found petitioner deportable on account of the conviction but granted him the privilege of voluntary departure and pre-examination and waived the ground of inadmissibility under the 7th proviso to Section 3 of the Immigration Act of 1917.[3]

Consequently, the question now involved is whether or not the conviction for petty larceny requires that the petition for naturalization be denied on the ground that the petitioner has failed to show that he has been a person of good moral character during the period required by law.

Petitioner argues that although the question of his moral character must be determined by the non-statutory standards existing prior to the enactment in 1952 of a statutory definition of "good moral character," 8 U.S.C.A. § 1101(f), the new standard should serve as a guide in deciding the issue now before the court. This section provides in part that no person shall be regarded as, or found to be a person of good moral character who, during the period for which good moral character is required to be established, was a member of one or more classes of persons described in § 1182(a) (9) of Title 8 U.S.C.A. Aliens who have been convicted of a crime involving moral turpitude are specifically included within § 1182(a) (9).

However, petitioner argues that in 1954 Congress created an exception to the definition of "good moral character" when it enacted § 1182a of Title 8 U.S.C.A., which provides as follows:

"*Admission of aliens convicted of misdemeanor; conditions*

"Any alien who is excludable because of the conviction of a misdemeanor classifiable as a petty offense under the provisions of section 1(3) of Title 18, by reason of the punishment actually imposed, or who is excludable as one who admits the commission of such misdemeanor, may hereafter be granted a visa and admitted to the United States, if otherwise admissible: *Provided,* That the alien has committed only one such offense. Sept. 3, 1954, c. 1254, § 4, 68 Stat. 1145."

Section 1(3) of Title 18 U.S.C.A. classifies as a petty offense "Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both * * *." Since petitioner pleaded guilty to the crime of petty larceny, which under § 1937 of the New York Penal Law, McKinney's Consol. Laws, c. 40, may be punishable by imprisonment for not more than one year, he does not come within the exception described in 8 U.S.C.A. § 1182a.

Nevertheless, we are not concerned with "good moral character" as defined in 8 U.S.C.A. § 1101(f). We must determine whether or not petitioner possessed "good moral character" within the five-year period as defined in § 307(a) of the Nationality Act of 1940. See United States v. Cunha, 1 Cir., 1954, 209 F.2d 326. "Good moral character which an alien seeking naturalization must prove, results from acts and conduct of an individual, and is of such character as measures up to the standards of average citizens of the community in which the alien resides." United States v. Cloutier, D.C., 87 F.Supp. 848, 852. Under the accepted standard in this community a person who is guilty of petty larceny during the statutory period, a crime involving moral turpitude, cannot be said to have established his good moral character during the required five-year period. Consequently, I am constrained to deny the petition for naturalization.

3. Now 8 U.S.C.A. § 1182(c).

The foregoing constitutes the court's Findings of Fact and Conclusions of Law.

So ordered.